**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROWANA K. RIGGS,

      Plaintiff-Appellant,

v.

THE BOEING COMPANY,

      Defendant-Appellee.

No. 00-3178
(D.C. No. 99-CV-2090-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL, KELLY,** and **LUCERO** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Plaintiff Rowana K. Riggs, appearing pro se, appeals the district court's grant of summary judgment to defendant, the Boeing Company, on her claim

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. The parties are familiar with the facts and the procedural history of this case, and we will not repeat them here. On appeal, Ms. Riggs claims the district court erred in finding that her mild carpal tunnel syndrome did not rise to the level of a "disability" under the ADA and in failing to consider all of her claims and evidence.

We review the grant of summary judgment *de novo*, applying the same standard as the district court. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. ), *cert. denied*, 528 U.S. 815 (1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As required, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326. Having carefully reviewed the record in that light, we find no error, and we affirm for substantially the reasons given by the district court in its Memorandum and Order dated May 19, 2000.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge